BONIN, J.,
dissents and assigns reasons.
hi respectfully dissent.
“[T]he legality of the search of a student should depend simply upon the reasonableness, under all the circumstances, of the search.” New Jersey v. T.L.O., 469 U.S. 325, 341, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). We “review the district court’s ultimate determination of Fourth Amendment reasonableness de novo.” State v. Pham, 01-2199, p. 3 (La.App. 4 Cir. 1/22/03), 839 So.2d 214, 218.
As set forth in T.L.O., 469 U.S., at 341-342, 105 S.Ct. 733 (emphasis added)
Under ordinary circumstances, a search of a student by a teacher or other school official will be “justified at its inception” when there are grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school. Such a search will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.
Requiring a student to remove his shoes in order for school officials to search for contraband cigarettes is, as the majority concedes, hardly “excessively intrusive” in today’s environment. Moreover, there is surely no indignity associated with this search which could implicate the rule of reasonableness. See \ ¿.Stafford Unified School District v. Redding, — U.S.-, 129 S.Ct. 2633, 2642, 174 L.Ed.2d 354 (2009).
Accordingly, upon de novo review for reasonableness, I would grant the application, reverse the trial court’s ruling, and allow the prosecution to introduce the al-prazolam and marijuana evidence at trial.